Good morning, Your Honors. May it please the Court, Diana Bailey for the petitioner, Mr. Burboa, who is here in court today. Good morning. I'd like to reserve two minutes for rebuttal. All right, counsel, please be reminded that the time shown on the clock is your entire time remaining. Yes, Your Honor. I believe the main issue in the case today is whether or not menacing is a crime involving moral turpitude. A person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury. In State v. Garcia, we see the historical account of menacing. Its origin is a tort rather than a crime. Eventually, it did develop and was made a crime. It's more similar to assault and an apprehension crime than it is to a threat crime. It's simply written without much context. There's no injury required. It could include emotional outbursts or violent outbursts that are quick and fast. In addition, defense of self or defense of property can be a defense, as we've seen in State v. Lockwood. In that case, the defendant was shot in the head with an unloaded pistol and bat at four occupants in a car in his driveway late at night. The Oregon Appellate Court ruled that it was an error that the trial court did not allow the defendant to present jury instructions regarding defense of property. There are more circumstances around that single menacing incident that happened in the driveway. There were other threatening events that could lead to a defense of property. Further, the government does rely on Ladder v. Singh, which is a case in the Ninth Circuit Court of Appeals, where there are three requirements for this terrorist threat crime to be a crime involving moral turpitude. That the threat of death or great bodily harm be threatened, that the victim believed that it would be carried out and it was substantial harm and reasonably in sustained fear, and that there was a specific intent that the victim feel that type of fear. It didn't cover quick outbursts or violent outbursts that are quick. What's the intent that's required under this Oregon State statute? It is intentionally attempts to place another person in fear. So there is a specific intent required. Why doesn't that reflect the kind of vicious motive that would make this a crime of moral turpitude? Isn't that the BIA's analysis? And so what's unreasonable about that? Well, in the cases cited, there are other additional aggravating factors. It's not just simply having the intent and attempting to do it. The aggravating factors I've listed in Lauder v. Singh, the intent in Aljami involved, it's called aggravated stalking for one. For second, it is a course of conduct. It requires more than one event to occur. And in Chowmany, it was a terrorist threat that begins with a threat of crime of violence, and that differs than the Oregon statute. I'm not aware of any case that says that you have to have multiple indicators for an offense to qualify as a crime involving moral turpitude. So in this particular state statute, there is a requirement that you have the intent to create fear of imminent serious physical injury. Do you have a case to cite me to that says multiple requirements must be met before an offense qualifies as a crime involving moral turpitude? Well, Lauder v. Singh doesn't say multiple requirements must be met, but it says that they find that terrorist threat is a crime involving moral turpitude for three reasons. They don't say any one of these reasons alone would qualify this crime as a crime involving moral turpitude. What's the maximum penalty for the Oregon crime of menacing? It's a misdemeanor, and the maximum penalty was 365 days in jail. However, that recently changed in 2017, mainly because of the way that it does affect undocumented persons, and it's been changed to 364 days. However, that is not retroactive. So the change in penalty was after? It occurred in 2017, and this crime, I believe, occurred in 2001. So it's not that sentence. The sentencing that existed at the time that Bourbois was convicted of menacing was maximum penalty, 365 days, punishable as a crime. Lauder v. Singh is a wobbler. It can be punished by misdemeanor or felony. The matter of Aljami is a felony, and the terrorist threat in Chowdhury is also a felony. It also is mentioned in those cases a crime of violence. So for instance, in Lauder v. Singh, it was already determined that it was a crime of violence and an aggravated felony, I believe, in Rosales v. Rosales. So this statute also differs in that way. And I think also looking back at the origin and state of Garcia, where this crime was derived from, it was seen less than an assault. In fact, it was a tort, and it later developed into being charged as a crime in sort of a side category, not under assault. But I think it would be different if Mr. Bourbois were charged with an attempt of an assault with a deadly weapon. That would be an aggravating factor. Here, it's just very, very simple. There's no context to it. It is only a misdemeanor, punishable by 365 days at the time, although that's been changed. I don't know if you have any other questions. How does the change affect us? The change doesn't, it doesn't affect this case, except in light of, it's not a felony, it's not a more serious crime, although I know in Cerna, that's not to be taken into account. But I think that does give some context to the crime of menacing. What is the basis for your saying it's a lesser offense than assault, when it seems to require somewhat more than an assault in an intent to promote fear of serious injury? Well, no injury is required under menacing, so I think it's different in that way. It's also an attempt crime, so there is no crime, menacing is just an attempt crime, so it's different than an assault crime. I think my time is up. Well, you have a minute and 56 seconds left for rebuttal. Thank you very much. Thank you, counsel. We'll hear from the government. Good morning, Your Honor. May it please the Court, Andrew Nsinga on behalf of the Attorney General. Before I begin, I think it's important to inform the Court that I just learned yesterday, the Board just set this exact issue for oral argument. They'll be hearing this case for argument themselves on May 17th. Petitioner's counsel and I discussed this beforehand, so at this point, though, there is a decision in this case. However, I just want to inform the Court of that, possibly at the Board will issue. Does the government's position or request in this particular case change? Do you want us to hold the case or just kind of note that the BIA is reconsidering the issue for the record? Certainly, holding the case in advance would, at this point, be advisable to let the agency provide its views, potentially in a published decision on this matter. Unfortunately, just a bizarre quirk of timing that it happened to set the case for argument at the exact time that this Court heard it. And you say they're revisiting the issue. Can you specify exactly what issue they're revisiting? Well, not really revisiting, because they've never issued a published decision, but it's exactly whether or not menacing under the Oregon statute is a CIMT. The very same statute at issue here? It's the exact same issue, yes, Your Honor. So I just wanted to let the Court know that potentially it might be advisable to hold this case in advance, pending a decision in that case. Again, just unfortunate timing that happened to match up like this. But at this point, in this case, in this Board's decision, this is not a mere assault. This is not simply putting someone to apprehension of simple touch. This is not sort of an assault and battery situation. It's simple touch. If there is a basic duty we owe to each other in society, it's not to make people fear death or serious physical injury. What is it that you say the party did in this case that constituted the menacing? Well, under the categorical approach, Your Honor, we do not specifically look at Petitioner's conduct unless he claims that his conduct illustrates a case that is not turpitudinous. Petitioner has not proposed that theory in light of what the record reflects. But what is it, nevertheless, what is it that you say he did that caused the conviction? What was he convicted of doing? Well, there's not a large amount of information in the record, but it's largely going to a fight with a knife, and I believe scraping the side of a car with a knife. But again, we're not looking specifically at Petitioner's conduct in this categorical approach. So what Petitioner did is irrelevant unless they claim that his conduct was not, was somehow an example that took this case outside of moral turpituity, and they have not claimed that. So at this point, what he did specifically is not relevant to the inquiry before the Court. But we do know when we look at the statute that he won't. What about the fact that the statute also covers attempts? So what about the fact that the statute also covers attempt? Well, if anything, then — Does that take it outside of the crime involving more turpitude? Because when you look to the least culpable conduct that could secure a conviction under this statute, an attempt crime doesn't require much. Well, it requires substantial step here, but we are talking about a crime of apprehension. If anything, it makes it worse, because not only did he want the person to fear death or serious physical injury, he actually attempted to make it. There's not simply, well, you know what, I'd like my victim to fear death or serious physical injury. He attempted, he did something to make that occur. Right. But it wasn't attempt at causing the physical injury. No. It's the attempt to put the person in fear of bodily injury. So if you basically brandish a bat, but the person's really far away and there's no real substantial step towards actually the causing of actual bodily injury, but you're brandishing it in an intent to cause fear, wouldn't that also be sufficient for conviction under this State statute? Well, I think this is a difficulty where we do run up against Duenas-Alvarez. And I appreciate sometimes the Court's frustration in CIMD cases, because I'm not a State prosecutor. I'm also not the State court. We can't use our legal imagination to propose, well, this could have led to the conviction. But that's exactly what the categorical analysis is. You look to the elements, not to the actual conduct of the particular petitioner or defendant, but you look to the elements to determine what could lead to a conviction, and then whether that then is a crime of more turpitude. I think the government's best argument is that a specific intent is required. But this is a misdemeanor statute, and now the penalty's been changed to 364 days, so it could even qualify as a petty offense conviction. So, yes, first of all, I think the strongest factor here really is a specific intent, because when we look at vicious mindsets, that tends to indicate that he really wanted this to occur. This was not, well, some trick. Well, that's your best argument. I think their best argument is that this covers attempt. But I guess the BIA will deal with that, and we'll see what they have to say about that. But, counsel, for purposes of this case, isn't our task to determine whether or not the BIA's interpretation of the statute was reasonable? Correct. So we are not sitting here sort of in an empty process. We are looking at an agency decision that, obviously, an unpublished decision owing some skid and more deference to. But when we look at this case's decision in Latter-Singh, the Borges' in Ajami, what we look at is no actual harm is ever required. I mean, let's take the Ninth Circuit's decision in En Banc in Marmolejo Compost. Drunk driving on a suspended license. That's it. No element that anyone ever came into any possible harm whatsoever. No intent to cause any harm. No intent to cause any fear. There are no elements to a CIMT. As the courts have repeatedly recognized, this is an incredibly nebulous term. So what we have to look at is what does the agency say? How is the agency interpreting this? And this is not simple assault. Again, assault, aggravating factors. Now, Petitioner can't simply ignore that what he wanted to do is make someone fear death or serious physical injury. And again, serious physical injury is statutorily defined different than physical injury. And Oregon has 161.015, and then the subsections list definitions. Seven is physical injury. Eight is serious physical injury. So this is not simply desiring someone fear of being tapped or something. What are generally the examples legislative give? Holding a gun up to someone. Threatening them with death of fear. The fact that the person may be incompetent, the defendant may have been incompetent or ineffective at making a threat is irrelevant to his desire. He wanted a member of the society to fear death or serious physical injury. It's contrary to basic duties we owe each other, Your Honors. Unless you have any further questions, Your Honors, we ask the Court to deny the petition. It appears not. Thank you, Counsel. Rebuttal. I would just add on to that, that like the Government Counsel mentioned, the victim doesn't need to have any type of fear. In fact, it could be a bad attempt at putting someone in fear. And it could be so little as by just using words. And I think in many of these cases, we look at intent and we look at the injury that it's caused. And in this case, the injury that it's caused, there's no causation of injury required. So I would argue that this is not a crime involving moral turpitude. I also think the most deference the BIA should get is the Skidmore deference, because although they did cite some precedent cases, they were not exact and not on point. I would also argue that... Counsel, if we do give Skidmore deference, why isn't that enough to support the BIA's decision? Well, I think that the BIA did look at several different cases, but didn't look at the specifics of each type of crimes. This crime is so general that it doesn't exactly compare. I would argue that their reasoning... They didn't have good reasoning in their case when they made a decision. Do you have any further questions? It appears not. Thank you, Counsel. Thank you to both. I'm sorry. Did you have something? One quick thing. We would also like to argue for the court to make a decision, because the Board of Immigration even in this case, and I think that they're re-looking at it, is also a sign that this is questionably a crime involving moral turpitude, and that this court should make the decision. So you would not be in favor of us deferring ruling to see how the BIA rolls? Correct, after they've had several opportunities and they haven't made a precedent case. Thank you for letting us know your position on that. Thank you to both counsel for your helpful arguments in this case. The case just argued is submitted for decision by the court.
judges: Rawlinson, Nguyen, Garbis